UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TADEO PABLO,

               Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR et. al,

               Respondents.

CASE NO. 2:26-cv-01197-JHC

ORDER

This matter comes before the Court sua sponte.  Before the Court is Tadeo Pablo's Petition for Writ of Habeas Corpus.  *See* Dkt. # 3.  The matter is fully briefed and ripe for consideration.  *See* Dkt. # 3, 10, 12.  But upon reviewing the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law, the Court requires supplemental briefing.

On reply, Petitioner, for the first time, raises a due process challenge to his re-detention. *See* Dkt. # 12.  He says that "this Court categorically held that the re-detention of a non-citizen without prior notice, without an individualized risk assessment, and without a real opportunity to be heard flagrantly violates due process guarantees."  Dkt. # 12 at 8-10; *see also id.* at 2-3 ("Due process prohibits the executive branch from acting above the judicial branch, unilaterally shattering a closure order from 9 years ago without granting a prior hearing or a real opportunity

ORDER - 1

for defense.") (citing *Mathews v. Elridge*, 424 U.S. 319, 332 (1976)); *see also* Dkt. # 3 (raising only prolonged detention and contesting detention authority).  While ordinarily a claim raised for the first time in the traverse will not be considered, because Petitioner is detained, pro se and a member of the *J.O.P v.DHS*, No. 8:19-CV-01944-SAG (D.Md.) class of plaintiffs who were determined to be unaccompanied children, the Court exercises its discretion to consider the challenge to detention based on a possible procedural due process violation related to Petitioner's re-detention.  *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by [incarcerated persons].") (citation omitted).

Still, Respondents were not on notice of this challenge and have not briefed the issue. The Court thus provides Respondents leave to submit a supplemental response specifically considering the challenge Petitioner raises to a possible Due Process violation related to his re-detention without notice or a chance to be heard.  *See* Dkt. # 12 at 2-3, 8-10.  The Court also provides Petitioner leave to file an optional reply.  *See e.g., Ortega v. Scott*, 2026 WL 1649012, at *1 (W.D. Wash. June 8, 2026) (directing the Government to file a supplemental brief addressing an issue raised for the first time in habeas petitioner's traverse and granting petitioner leave to reply).

Additionally, Respondents have not submitted Petitioner's A-file or any other documentation of Petitioner's immigration proceedings.[1]  *See generally* Docket.  A history of Petitioner's immigration proceedings is necessary for the Court to determine the statutory authority governing Petitioner's detention, which is also at issue in this Petition.  *See* Dkt. ## 3,

---

[1] An A-File is an official immigration record containing all records and documents related to the alien maintained by United States Customs and Immigration Services (USCIS).  *See United States v. Blanco-Gallegos*, 188 F.3d 1072, 1075 & n.2 (9th Cir. 1999).

ORDER - 2

10. Thus, the Court directs Respondents to submit Petitioner's A-file and any other documents that the Government might have that are relevant to the current Petition. *See, e.g., Orellana v. Warden, California City Correctional Ctr., et al.*, 2026 WL 1708298, at *1 (E.D. Cal. June 12, 2026) (previously ordering respondents to submit supplemental briefing where the necessary background information was not initially provided).

For these reasons, Respondents are ORDERED to file its supplemental brief on the due process question described above and in Petitioner's traverse no later than July 9, 2026. Also, Respondents are ORDERED to submit the necessary factual information for the Court to consider the Petition, including but not limited to Petitioner's A-file, no later than July 9, 2026. Petitioner may file his supplemental brief in reply no later than July 16, 2026. The Clerk shall re-note the petition for July 16, 2026.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of July, 2026.

John H. Chun
United States District Judge

ORDER - 3